**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| OLALEKAN OLAREWAJU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 8:21-cv-3250-DKC |
| | ) | |
| ALLIED UNIVERSAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**DEFENDANT ALLIED UNIVERSAL'S MOTION TO DISMISS**</u>

Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied Universal") (identified in the Complaint only as "Allied Universal"), through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Olalekan Olarewaju's ("Plaintiff") Complaint with prejudice for failing to state a claim for which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and Local Rule 105.1.

## I. INTRODUCTION AND BACKGROUND

Plaintiff is a former security professional who was employed by Allied Universal until the termination of his employment on or about April 16, 2021. Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on or about September 15, 2021, and the EEOC issued a Notice of Suit Rights to Plaintiff on September 27, 2021. [ECF No. 1.]

Plaintiff filed the Complaint on December 21, 2021, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §§ 2000e *et seq*., the Maryland Fair

1

Employment Practices Act ("MFEPA") Md. Code Ann., State Gov't §§ 20-601 *et seq*., and the "Montgomery County Code §§ 26-6," which refers to the County's housing and building standards.  [ECF No. 1 at 4.]  On the same date, Plaintiff filed a motion to proceed *in forma pauperis*, which the Court granted on January 22, 2022. [ECF Nos. 2, 3.]

Plaintiff attached the underlying Charge of Discrimination to his Complaint. [ECF No. 1-1 at 3.] On the face of the Charge, Plaintiff indicated that he was alleging discrimination based on his national origin. [*Id.*] Plaintiff left blank available spaces to indicate that he was alleging discrimination on the basis of race, color, or retaliation.  [*Id.*]  In the charge, Plaintiff alleged that he was discharged on April 16, 2021 and that his supervisor harassed him. Plaintiff then included the conclusory allegation that he believed he was discriminated against based on his national origin.

In the Complaint, Plaintiff alleges the following discriminatory conduct: 1) the termination of Plaintiff's employment; 2) unequal terms and conditions of Plaintiff's employment; 3) retaliation; and 4) other acts of "bullying and race." [ECF No. 1 at 8.]  Plaintiff asserts that the alleged conduct occurred because of his race (African), color (Black), and national origin (Nigerian). [*Id.*]

In the "Statement of Claim," Plaintiff generally alleges that he was "verbally abused and threatened" by his supervisor, discriminated against because "he is an African immigrant from Nigeria," and that his former supervisor "favors African Americans . . . to the disadvantage of the [P]laintiff." [ECF No. 1 at 5.] Plaintiff also attaches a two-page factual summary, in which he alleges that he was blamed for another employee's lateness and was not permitted to use free parking by the property manager of the building to which he was assigned. [*Id.* at 6.] Plaintiff fails to link either of those allegations to any protected class. Plaintiff also

2

alleges that African Americans received "juicy postings" compared to him, and that his supervisor denigrated him based on his national origin on one occasion when he was late to work. [*Id.*] The remainder of Plaintiff's factual allegations in the Complaint are asserted within each of his claims and are discussed in the below argument section as appropriate.

Plaintiff failed to exhaust his administrative remedies with respect to all alleged claims other than the allegations of national origin harassment and discriminatory discharge. [ECF No. 1-1.] As such, Plaintiff's claims of discriminatory conduct on the bases of race and color, as well as his retaliation claim, are not properly brought before this Court and are subject to dismissal.

The remaining properly exhausted allegations are also subject to dismissal, with prejudice, on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plead non-conclusory facts sufficient to make plausible his claim that he was discriminated against or harassed based on his national origin.

## II.  LEGAL STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard does not require that Plaintiff make "detailed factual allegations," but it "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. Bare legal conclusions, without more, need not be accepted as true by the Court. *Glenn v. Wells Fargo Bank, N.A.*, 710 F. App'x 574, 576 (4th Cir. 2017).  Nor must the Court accept "allegations that

4862-5783-2208, v. 1

are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002)). In ruling on a motion to dismiss, a judge must accept as true all of the allegations contained in a complaint but need not accept legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.  LEGAL ARGUMENT

**A.**     **Plaintiff failed to exhaust his administrative remedies with respect to the claims of race or color discrimination and retaliation, and these claims should be dismissed as a result.**

Before filing a lawsuit in federal court, a plaintiff bringing an employment discrimination claim under Title VII or MFEPA is required to exhaust his administrative remedies by filing a charge with the EEOC or other state or local agency before pursuing litigation.  *Angelini v. Baltimore Police Dep't*, 464 F. Supp. 3d 756, 777 (D. Md. 2020) (outlining the exhaustion requirement) ; *see also Schwenke v. Assoc. of Writers & Writing Programs*, 510 F. Supp. 3d 331, 336 n.5 (D. Md. 2021) (explaining that MFEPA "imposes exhaustion requirements akin to those under Title VII"). Claims that Plaintiff failed to raise in his Charge, therefore, should be dismissed by the Court.

Plaintiff alleges in his Complaint claims of discrimination and harassment on the bases of race and color. [ECF No. 1 at 8.] Plaintiff's Charge shows that the box for national origin discrimination was checked, but the boxes for race or color discrimination were not checked. [ECF No. 1-1 .] Moreover, Plaintiff failed to assert anything in the narrative portion of the charge indicating an allegation of discrimination based on anything but national origin. The particulars provided by Plaintiff to support his Charge are that Plaintiff was "subjected to harassment by [his

4

supervisor]," and that he believed he had "been discriminated against due to [his] national origin (African) [*sic*] . . . with respect to harassment and discharge." [*Id.*] Plaintiff also failed to allege retaliation in his charge, which was filed five months after the end of his employment. [*Id.*]

On the face of Plaintiff's Complaint and properly considered supporting documents, Plaintiff failed to exhaust any claim but one for national origin discrimination or harassment. Accordingly, each of Plaintiff's claims asserting discrimination on any other basis should be dismissed. *See Sawyers v. United Parcel Service*, 946 F. Supp. 2d 432, 439 (D. Md. 2013) (affirming that exhaustion is claim specific, and Plaintiff must assert a specific basis for a claim in an administrative charge in order to proceed on that claim in court). In addition, Plaintiff's charge makes no mention of having been subjected to unequal terms and conditions of employment, and he should not be permitted to pursue claims in court on that basis as well (except insofar as he has alleged harassment). Last, Plaintiff, who filed the charge five months after he was fired, failed to include any allegation of retaliation in his charge. Accordingly, Plaintiff's retaliation claim is subject to dismissal for failure to exhaust administrative remedies as well. *See Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 149-50 (4th Cir. 1999) (holding that retaliation claim was subject to dismissal where not properly exhausted); *cf. Nye v. Roberts*, 97 F. Supp. 2d 677, 679 (D. Md. 2000) (holding that a retaliation claim may be pleaded for the first time in court only where the alleged retaliation occurred during the pendency of the underlying charge).

**B.    Plaintiff fails to state a claim for national origin discrimination in the termination of his employment.**

Of his properly exhausted claims, Plaintiff's first allegation is that Allied Universal discriminated against him in terminating his employment based on his national origin. Plaintiff, however, fails to provide any facts that could plausibly support a claim of national origin

5

discrimination in the decision to terminate his employment. "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (outlining standard for a discriminatory termination claim in evaluating a motion to dismiss). Additionally, MFEPA "is the state law analogue to Title VII of the Civil Rights Act of 1964." *Alexander v. Marriott Int'l, Inc.*, No. RWT-09-02402, 2011 WL 1231029, at *6 (D. Md. Mar. 29, 2011); citing *Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 743 n.8 (Md. 2007)) (stating that, with regard to Title VII and MFEPA "it is appropriate to consider federal precedents when interpreting state and local laws"). In *Coleman*, the Fourth Circuit held that dismissal of a claim was appropriate where the Complaint "conclusorily alleges" termination based on a protected characteristic but fails to assert facts establishing the plausibility of that allegation. *Coleman*, 626 F.3d at 190-91.

Here, Plaintiff's allegations of discrimination are entirely conclusory. While he asserts that "Black Americans" received some preferential treatment, he makes no allegation suggesting that there was any animus or comparator with respect to his termination. Based on Plaintiff's own recitation of facts, he was fired after showing up late to work after being stopped by police. [ECF No. 1 at 6.] He identifies no comparator of a different national origin who was treated differently.[1] Further, while Plaintiff does allege that a supervisor called him a "dumb African," that single isolated comment should not constitute evidence of a discriminatory motive in Plaintiff's termination. *See Gbenoba v. Montgomery Cty. Dep't of Health of Human Servs.*, No. Civ. A.2003-2231, 2005 WL 1490008, at *7 (D. Md. June 23, 2005) (Chasanow, J.).

---

[1] Plaintiff fails to assert Ashley Parker's nationality.

6

C.      **Plaintiff fails to state a claim for unlawful harassment based on his national origin.**

Plaintiff's only other potentially exhausted claim is for harassment, or a hostile work environment, on the basis of his national origin.  In the Complaint, Plaintiff alleges that his supervisor discriminated against Plaintiff because "he is an African immigrant from Nigeria." [ECF No. 1 at 5.] In support of this allegation, Plaintiff offers the conclusory statement that his supervisor "is an [*sic*] epitome of racism and he deliberately targeted African Immigrants." [ECF No. 1 at 6.] Plaintiff alleges a solitary comment by his supervisor in response to Plaintiff being stopped by a police officer. [ECF No. 1 at 6.]  Plaintiff also alleges that the property manager of the building in which Allied Universal provides security services and Plaintiff worked was "racist" in that he would not permit Plaintiff to keep a pass and park his personal car in the building's parking lot. [ECF No. 1 at 6.]

To establish a claim of unlawful harassment or a hostile work environment, a plaintiff must allege facts sufficient to make it plausible that he was subjected to harassment that is severe or pervasive and based on a class protected by Title VII. *See Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 302 (4th Cir. 2019) (gender discrimination case). In *Parker*, the Court explained that evaluating whether conduct was severe or pervasive depended on the totality of the circumstances, including the frequency of the conduct, its severity, whether it was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with the employee's work performance. *Id.* at 304. A single comment, even if inappropriate, generally cannot establish a severe or pervasive work environment. *See, e.g.*, *O'Connell v. Rahn*, SAG-18-2515, 2020 WL 1929436, at *4 (D. Md. Apr. 21, 2020) (single comment implying inappropriate sexual conduct insufficient to establish a hostile work environment); *Fallin v. Mayor and City Council of Baltimore*, DKC 19-1500, 2020 WL 758135, *7-*8 (D. Md. Feb. 14, 2020) (single incident of sexually violent graffiti on employee's workplace insufficient to

establish a hostile work environment); *Young v. Housing Auth. of Baltimore City*, WDQ-14-1764, 2015 WL 795132, at *4-*5 (D. Md. Feb. 24, 2015) (single inappropriate sexual comment insufficient to establish a hostile work environment);

Plaintiff's only allegation of harassing conduct based on Plaintiff's national origin is the allegation that he was called a "dumb African." While certainly inappropriate, this single comment is not severe or pervasive, and therefore cannot alone support a claim for a hostile work environment. Plaintiff's only other allegation of harassing conduct is that he was told that he could not park in the on-site parking lot by the building manager. This allegation cannot support Plaintiff's claim for several reasons. First, he alleges that this conduct was undertaken by the building manager, who did not work for Defendant. Second, he alleges that his motivation was racial, and not based on national origin. Third, and most critically, Plaintiff fails to point to any factual allegation supporting his bald conclusion that the manager was motivated by race.

In short, Plaintiff's hostile work environment claim fails because Plaintiff fails to allege more than a single, isolated comment that can be attributed to his national origin. That lone comment is facially insufficient to make out a hostile work environment claim.

**D.     Plaintiff fails to state a claim under Montgomery County law.**

Plaintiff's Complaint alleges that Allied Universal violated "Montgomery County Code§§ 26-6," which is the definition section of the Housing and Building Maintenance Standards for the County. [ECF No. 1 at 4.] Plaintiff provides no other information regarding this allegation and the substance of the code bears no plausible connection to an employment discrimination lawsuit. Accordingly, this claim is due to be dismissed. To the extent that Plaintiff is attempting to allege a cause of action under Montgomery County's applicable employment discrimination law, any such claim would fail for the same reasons discussed herein. *See Magee*

8

*v. DanSources Tech. Servs., Inc.*, 137 Md. App. 527, 549 (2001) (holding that the provisions of the Montgomery County code are substantively similar to claims under state law).

## IV.  CONCLUSION

Most of Plaintiff's Complaint against Allied Universal should be dismissed because he failed to exhaust his administrative remedies. The remaining claims for national origin discrimination and harassment should also be dismissed because Plaintiff pleads insufficient plausible facts to support his claims against Allied Universal. Consistent with Fed. R. Civ. P. 12(b)(6), Allied Universal respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and in its entirety.

Dated: February 23, 2022

Respectfully submitted,

*/s/ Jeffrey W. Larroca*
Jeffrey W. Larroca
Bar No. 22735
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Ave. NW, 12th Floor
Washington, DC 20006
Telephone: 202-659-6646
Facsimile 202-659-6699
jlarroca@eckertseamans.com

-and-

**MARTENSON, HASBROUCK & SIMON LLP**
Evan S. Weiss (*pro hac vice* forthcoming)
Kelly N. Jines (*pro hac vice* forthcoming)
2573 Apple Valley Road NE
Atlanta, GA 30319
Tel.: (404) 909-8100
Fax: (404) 909-8120
eweiss@martensonlaw.com
kjines@martensonlaw.com

*Attorneys for Defendant Allied Universal*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was filed and served electronically and by regular mail on this 23rd day of February, 2022 to:

OLALEKAN OLAREWAJU
813 Baltimore Road
Rockville, MD 20851.


*/s/ Jeffrey W. Larroca*
Jeffrey W. Larroca
Bar No. 22735
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Ave. NW, 12th Floor
Washington, DC 20006
Telephone: 202-659-6646
Facsimile 202-659-6699
jlarroca@eckertseamans.com

10

4862-5783-2208, v. 1